# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ODELL JOHNSON,** | : | **CIVIL ACTION** |
| *Petitioner*, | : | |
| | : | **NO. 21-849** |
| v. | : | |
| | : | |
| **BOBBI SALAMON,** *et al.*, | : | |
| *Respondents*. | : | |

# ORDER

**AND NOW**, this 2nd day of October 2025, upon consideration of the amended petition for writ of *habeas corpus*,[1] (the "Petition"), filed by Petitioner Odell Johnson ("Petitioner") pursuant to 28 U.S.C. § 2254 (ECF 65), the response in opposition filed by Respondents, (ECF 72), Petitioner's reply, (ECF 80), the state court record, the *Report and Recommendation* issued on September 5, 2025, by the Honorable Elizabeth T. Hey, United States Magistrate Judge, which recommended that the Petition be denied, (ECF 86), and Petitioner's objections to the *Report and Recommendation*, (ECF 88), it is hereby **ORDERED** that:

1. The objections to the *Report and Recommendation* are without merit and are **OVERRULED**;[2]

---

[1] Petitioner, initially proceeding *pro se*, supplemented, with assistance of counsel, his writ, (ECF 1), with a memorandum and exhibits, (ECF 65). For ease of reference, any refence to ECF 65 incorporates ECF 1.

[2] On March 15, 2013, following a jury trial, Petitioner was convicted of one count of first-degree murder. (ECF 72-1). Petitioner appealed his conviction and sentence, challenging *inter alia*, the sufficiency of evidence to support his conviction. (ECF 72-2). On May 23, 2014, the Superior Court of Pennsylvania (the "Superior Court") rejected the sufficiency of evidence argument and affirmed his conviction. (*Id.*).

Petitioner filed a motion pursuant to the Post Conviction Relief Act ("PCRA") on August 4, 2015, (ECF 72-3 at p. 3), and argued, *inter alia*, that trial counsel was ineffective for failing to call a potential witness identified as Mr. Betancourt, who, though was not a witness to the shooting, could have testified to events earlier in the evening before the fatal shooting that resulted in Petitioner's conviction. Petitioner's efforts in state court were unsuccessful. (*See* ECF 72-3, 72-4, 72-6, 72-7). Having exhausted his remedies

on the issues in state court, Petitioner filed the underlying Petition on February 22, 2021, pursuant to Section 2254 of Title 28 to the United States Code. (ECF 65).

Petitioner's initial Petition was amended on May 15, 2025. (ECF 65). In the amended Petition, Petitioner asserts that *habeas* relief is warranted because the evidence was insufficient to support his state court's conviction, the verdict rendered against him was against the weight of the evidence, and trial counsel provided ineffective assistance. (*Id.* at p. 2). On April 9, 2021, the Petition was referred to Magistrate Judge Richard Lloret, (ECF 7), and, upon his retirement, reassigned on May 23, 2024, to Magistrate Judge Elizabeth T. Hey for a Report and Recommendation ("R&R"). (ECF 67). On September 5, 2025, Judge Hey issued a thorough and well-reasoned 38-page R&R recommending that the Petition be denied. (ECF 86). The Magistrate Judge essentially found that Petitioner failed to exhaust his sufficiency of evidence claim related to the elements of the charged offenses, was time-barred, and procedurally defaulted; the evidence was sufficient; the appellate ruling on his self-defense claims were neither contrary to nor an unreasonable application of clearly established federal law; and that his claim that trial counsel provided ineffective assistance was either unexhausted as to particular witnesses and/or without merit as to other witnesses and arguments.

Petitioner timely filed objections to the R&R, (ECF 88). A careful read of the objections appear to track the arguments Petitioner made in the amended Petition itself, (ECF 65). Namely, Petitioner objects to the Magistrate Judge's finding that he had not exhausted his state remedies as to his ineffective assistance of counsel for failing to investigate and call Messrs. Walker, Hayes, and Agboola as witnesses. (ECF 88 at pp. 3-6). Petitioner also objects to the Magistrate Judge's finding that his trial counsel's "failure to investigate and present" particular witnesses was without merit. (*Id.* at pp. 6-10). Finally, Petitioner objects to the Magistrate Judge's finding that his claim that his trial counsel failed to investigate and present to the jury the varying degrees of murder charges was meritless. (*Id.* at pp. 10-11).

In objecting to the Magistrate Judge's finding regarding his claim for ineffective assistance of counsel as either unexhausted and/or without merit, Petitioner merely repeats and rehashes arguments he made in his amended Petition, arguments which were thoroughly considered and properly rejected by the Magistrate Judge. The crux of his objections regarding his ineffective assistance of counsel claim rests on his argument that trial counsel failed to properly investigate and present witnesses to support his narrative of events and state of mind before and at the time of the fatal shooting. This is the same argument considered and rejected by the Magistrate Judge.

Briefly, to succeed on an ineffective assistance of trial counsel claim, a petitioner must show (1) that counsel's performance was deficient – that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that the deficient performance prejudiced the defense by showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it "[falls] below an objective standard of reasonableness under prevailing professional norms." *Collins v. Sec'y of Pa. Dep't of Corrs.*, (3d Cir. 2014) (quotation marks omitted). To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* A reasonable probability is a "probability sufficient to undermine confidence in the outcome" of the trial. *Strickland*, 466 U.S. at 694. In assessing the claim of ineffectiveness, a court must "consider the totality of the evidence before the . . . jury." *Id.* Petitioner's theory also appears to rest on the idea that his verdict would have turned out differently had his trial counsel called particular witnesses, none of whom are alleged to have observed the fatal shooting itself, to testify. The R&R addressed this theory, analyzing each of the would-be witnesses' possible testimony, and correctly denied the relief sought.

2

    2.        The *Report and Recommendation* is **APPROVED** and **ADOPTED**;

    3.        Petitioner's petition for a writ of *habeas corpus* is **DENIED**; and

    4.        No probable cause exists to issue a certificate of appealability.[3]

The Clerk of Court is directed to mark this matter **CLOSED**.

                                              **BY THE COURT:**

                                              /s/ *Nitza I. Quiñones Alejandro*
                                              **NITZA I. QUIÑONES ALEJANDRO**
                                              *Judge, United States District Cour*

---

As such, Petitioner's objections are nothing more than an attempt to re-litigate various arguments raised in his amended Petition.

       As noted, this Court finds that the Magistrate Judge carefully and thoroughly reviewed each of Petitioner's arguments in the R&R and correctly concluded that Petitioner's claims were either procedurally defaulted and/or without merit. This Court upon its own consideration and independent review of the pertinent portions of the record *de novo* further finds that no error was committed by the Magistrate Judge in the analysis of Petitioner's claims. Accordingly, Petitioner's objections are overruled, and the R&R is adopted and approved in its entirety.

[3]      A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth here and in the R&R, this Court concludes that no probable cause exists to issue such a certificate in this action. Petitioner has not made a substantial showing of the denial of any constitutional right, nor demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.